MYER *v.* CHILDREN'S AID ASSOCIATION ET AL.

[No. 10,463. Filed June 27, 1920.]

1. AMICUS CURIAE.—*Appearance.—Discretion of Court.*—In an action to restrain a city board of health from paying money to a charitable association, it was not error for the trial court to permit the chamber of commerce of the city to appear as *amicus curiae*, it being a matter of judicial discretion. p. 490.

2. MUNICIPAL CORPORATIONS.—*Aiding Private Charitable Corporation.*—A city board of health may appropriate money to a children's aid association, a private corporation organized to do charitable work, and which can receive no pecuniary profit therefrom. p. 490.

From Marion Superior Court (A2,035) ; *Linn D. Hay,* Judge.

Action by Martha A. Myer against the Children's Aid Association and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Horace F. Harvey* and *H. Clarence Austill,* for appellant.

*Leo M. Rappaport, Albrecht R. C. Kipp, Samuel Ashby, Harry E. Yockey* and *Dixon Bynum,* for appellees.

ENLOE, P. J.—By this action the appellant sought to restrain the board of health of the city of Indianapolis from paying any money to the Children's Aid Association, of said city, and the city comptroller from drawing any warrant, and the city treasurer from paying any warrant to said association.

Issues were duly made and the cause submitted to the court for trial, with request that the court make a special finding of the facts and state its conclusions of law thereon. This the court did, stating its conclusions of law favorable to the appellees, and rendered judgment accordingly that the plaintiff take nothing by her complaint, and that defendants recover costs. The Indianapolis chamber of commerce was, on motion, permitted to appear in said proceedings as *amicus curiae.*

Appellant's motion for a new trial having been overruled, this appeal is prosecuted.

Complaint is first made of the action of the court in permitting the chamber of commerce to appear as *amicus curiae.* In this there was no error. This

1. was a matter of judicial discretion, and courts have always, when matters of public concern were involved, exercised great liberality in admitting such parties.

It is next urged that the findings of the court are not sustained by sufficient evidence. We have read the entire record, and there is some evidence to sustain each and every finding. The findings support the conclusions of law, and the judgment is in accordance with said conclusions.

The contention of appellant is, as we gather from her brief, that, as the Children's Aid Association is a *private corporation,* the board of health had no warrant or authority of law to make any appropriation to it, and therefore the injunction should have been granted.

Obviously the board of health could not take personal supervision of all the charitable work to be done within the city of Indianapolis; it must act in this mat-

2. ter through agents, and it can make no difference, so far as the work is concerned, whether it acts through individuals or acts through a society, such as the Children's Aid Association—a society organized

under the law for doing charitable work, and which can receive no pecuniary profit therefrom—as was done in this case. In *Hager* v. *Kentucky, etc., Home Society* (1904), 119 Ky. 235, 83 S. W. 605, 67 L. R. A. 815, the court said: "These authorities clearly settle that the vital point in all such appropriations is whether the purpose is public; and that, if it is, it does not matter whether the agency through which it is dispensed is public or not; that the appropriation is not made for the agency, but for the object which it serves; the test is in the end, not in the means." See, also, *Bullock* v. *Billheimer* (1911), 175 Ind. 428, 94 N. E. 763.

We find no error in this record. Judgment affirmed.

Remy, J., not participating.